**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Scott Angel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 C 1876 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| Sauk Village, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Before the Court is Defendants Sauk Village and Officer Jason Mann's motion to dismiss Plaintiff Scott Angel's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is denied. [14]

**Background**

The Court takes the below facts from the well-pleaded allegations in Angel's complaint, which are accepted as true for purposes of Defendants' motion to dismiss, as well as video evidence Angel provided with his complaint. *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).

This dispute arises from Angel, a deaf man, attempting to purchase iced coffee from Dunkin'. On February 8, 2024, Angel was refused service by one Dunkin' employee, but subsequently received his usual iced coffee from another Dunkin' employee. The next day, a Dunkin' employee handed Angel a note through the drive-through window informing him that he would not be served. Angel proceeded to the indoor counter but was again refused service. The manager of the building owner, who is not a Dunkin' employee, then instructed Angel to leave the premises. Angel attempted to communicate with the manager, but the manager ultimately called

the police.

Officer Mann of the Sauk Village Police Department arrived at the premises. Mann told Angel to leave, and Angel responded that he was deaf. Mann replied that he knew this. Angel told Mann that he wanted to talk to him, and in response Mann pointed to the door and responded that Angel should go outside. Angel complied and left the building. When Mann came outside, Angel asked to communicate with Mann through writing, gesturing that he wished to use his pen to do so and again telling Mann that he was deaf. Mann instructed him to "Just leave." After more conversation, Angel again asked to communicate through writing, to which Mann responded, "Just go." Mann did not offer any accommodations to allow Angel to more effectively communicate with him and instead walked away from Angel.

Angel alleges that Mann's conduct violates Title II of the Americans with Disabilities Act ("Title II"), the Rehabilitation Act, the Americans with Disabilities Act Amendments Act ("ADAAA"), the Illinois Human Rights Act ("IHRA"), and 42 U.S.C. § 1983. On May 31, 2024, Defendants moved to dismiss Angel's claims. (ECF No. 14.) On August 8, 2024, Angel filed an amended complaint which made certain changes not relevant to the present motion. (ECF No. 32.)

## Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard requires a complaint to contain sufficient

"[f]actual allegations" to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## Discussion

For the reasons that follow, Defendants' motion is denied.

### A.  **Angel's Title II, ADAAA, and Rehabilitation Act Claim**

Defendants argue that Count III of Angel's complaint alleging violations of Title II, the ADAAA, and the Rehabilitation Act should be dismissed because the Seventh Circuit has never held Title II applies to police encounters and investigations, and because even assuming Title II applies, Angel does not adequately plead that his disability was the but-for cause of Defendant Mann's actions. The Court disagrees and declines to dismiss this claim.

#### i.  **Title II's Application to Police Encounters**

The Court is unpersuaded that Angel's claim under Title II should be dismissed because it has never been held to apply to police encounters by the Seventh Circuit. While Defendants are correct that the Seventh Circuit has had an opportunity to hold that Title II applies to police

encounters but has not done so, it likewise has not held that does *not* apply to police encounters, and instead resolved the case on other grounds. *King v. Hendricks Cnty. Comm'rs*, 954 F.3d 981, 988 (7th Cir. 2020). Further, Defendants' argument that Title II does not apply makes little sense given that both decisions they cite remarked that the application of Title II to law-enforcement encounters is an "open question" in the Seventh Circuit. *King*, 954 F.3d at 988 ("Whether Title II applies to law enforcement investigations and arrests, and if so to what extent, is an open question in this circuit."); *Crumley v. Forestal*, No. 1:19-CV-4110-RLM-DML, 2021 WL 4454111, at *10 (S.D. Ind. Sept. 29, 2021) (same). Because Defendants have put forward no argument or authority regarding how this open question should be resolved, the Court does not dismiss Angel's claims on this basis.

  **ii.**  **But-For Cause**

Defendants alternatively argue that Angel fails to state a claim because his complaint established that his actions and not his disability were the but-for cause of Mann's conduct. However, but-for cause is a requirement only to prove a prima facie case under Title II and the Rehabilitation Act, which Angel need not do at the pleading stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002) (holding that the prima facie case "should not be transposed into a rigid pleading standard for discrimination cases"); *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024) ("That something must be proved (if plaintiff is to win) does not imply that it must be alleged in the complaint . . . the time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later."); *H.O.P.E., Inc. v. Eden Mgmt. LLC*, No. 13-CV-7391, 2017 WL 4339824, at *12 (N.D. Ill. Sept. 29, 2017) ("[A] Plaintiff need not plead all of the elements of a prima facie case of discrimination under the ADA and the Rehabilitation Acts." (quotations omitted)).

Instead, the Seventh Circuit has made clear that "[t]o state a claim under Title II of the ADA [or the Rehabilitation Act], [a plaintiff] need[s] only to plead facts *suggesting* that he is a qualified individual with a disability who by reason of such disability was denied the benefits of the services, programs, or activities of a public entity." *Brown v. Meisner*, 81 F.4th 706, 708 (7th Cir. 2023) (emphasis added) (quotations omitted). This "is not an exacting standard." *Id.*

Angel's complaint and its accompanying video evidence meet this standard. The parties do not dispute that Angel has alleged a qualifying disability—nor could they, as Angel has alleged that he is deaf. (ECF No. 32 ¶ 18.) Further, Angel alleges facts suggesting he was denied the benefit of participating in Mann's investigation and communicating with Mann due to being deaf. Namely, Mann limited Angel's ability to communicate by refusing to accommodate Angel's disability, including denying Angel the ability to communicate in writing twice despite knowing Angel was deaf. (ECF No. 32 ¶¶ 39–41, 50, 52, 93–94, 97–98.) As such, Defendants' motion is denied as to Count III.

**B.  Angel's IHRA Claim**

Defendants seek dismissal of Angel's IHRA claim only to the extent his Title II claim fails. (ECF No. 14 at 7.) Because Angel has stated a claim under Title II, the Court does not dismiss Angel's IHRA claim.

**C.  Angel's § 1983 Claim**

Defendants next argue that Angel's Equal Protection claim under § 1983 should be dismissed for failing to plead adequate comparators. Even assuming Angel is required to identify comparators to prove his claim, this argument fails because the Seventh Circuit has held, "[e]ven in a case where a plaintiff would need to identify a similarly situated person to prove his case . . . we see no basis for requiring the plaintiff to identify the person *in the complaint*." *Geinosky v. City*

*of Chicago*, 675 F.3d 743, 748 n.3 (7th Cir. 2012) (emphasis in original).

Defendants separately argue that Angel's "claim that he was unable to effectively communicate with Ofc. Mann outside of the premises" fails because inadequate police work is insufficient "to state a civil rights claim in the absence of another recognized constitutional right." (ECF No. 14 at 12.) But even if true, Defendants acknowledge Angel's § 1983 claim includes Mann's differential treatment of Angel compared to non-deaf customers before Angel's attempt to communicate with Mann outside of the premises. (ECF No 14 at 11–12.) Because Defendants have put forward no persuasive basis to find that Angel has not stated a § 1983 claim based on differential treatment, the Court cannot dismiss only a portion of Angel's claim. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." (emphasis in original)).

## Conclusion

For the reasons discussed above, Defendants' motion [14] is denied. Defendants' answer is due fourteen days after the entry of this order. A status hearing is set for February 18, 2025. The parties shall file a joint status report at least three business days prior to the status hearing.

**SO ORDERED.**  ENTERED: February 6, 2025

  _____
  **HON. JORGE ALONSO**
  **United States District Judge**